UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRENT JEANPIERRE,

        Plaintiff,

  v.

        Case No. 19-cv-1040-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

     The plaintiff, who is representing himself, has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

     To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

     Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he is not employed, not married, and has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists no source of income, under that heading, he states "not able to work until medically cleared." Id. at 2. The plaintiff's monthly expenses are listed as $530 for rent and $300 for other

1

household expenses, id. at 2; although the plaintiff states later in the affidavit that he is homeless, id. at 4. The plaintiff does not own a car or a home, he has no cash on hand or in a checking or savings account, and he owns no other property of value. Id. at 3-4. Despite the court's confusion about how the plaintiff can be homeless *and* have rent and household expenses, the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's form complaint indicates that he was denied benefits, that he was disabled during the time period included in this case, and that the Commissioner's unfavorable conclusions and findings of fact are not supported by substantial evidence and/or are contrary to law and regulation. Dkt. No. 1 at 3-4. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in

2

fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 22nd day of July, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**